IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON BRUCE, )
)
        Plaintiff, )
)
-vs- )   Civil Action No. 14-157
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 5 and 8). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 7, 9, and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 5) and denying Defendant's Motion for Summary Judgment. (ECF No. 8).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since January 2, 1991. (ECF No. 4-5, p. 2). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a video hearing on July 17, 2012. (ECF No. 4-2, pp. 31-54). On October 12, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 13-25).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 5 and 8). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Residual Functional Capacity ("RFC")[1]

Plaintiff first asserts that the ALJ erred in limiting Plaintiff's RFC to light work without repetitive bending. (ECF No. 7, pp. 3-6). Specifically, Plaintiff submits that "the ALJ determined that Plaintiff could perform light work, without repetitive bending, through the arbitrary exercise of his own quasi-medical judgment, unaided by any medical opinion." (ECF No. 7, p. 3). Therefore, Plaintiff argues, remand is necessary.

As the ALJ notes, in this case, there is no medical opinion evidence on Plaintiff's physical functional ability to work and, as such, the ALJ did not rely on any medical opinion regarding Plaintiff's physical ability to work in formulating Plaintiff's RFC. (ECF No. 4-2, pp. 13-25). "Rarely can a decision be made regarding a claimant's [RFC] without an assessment from a

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

3

physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). After a review of the record, I am unable to discern what evidence the ALJ relied upon in limiting Plaintiff to light work *without repetitive bending*. I find the record is ambiguous on this point. As a result, I find the ALJ's opinion is not based on substantial evidence. Consequently, remand is warranted on this basis.

On remand, the ALJ is instructed to order a consultative examination of Plaintiff with regard to his physical functional capacity to work. *See,* 20 C.F.R. § 416.919(a). While such medical opinion evidence may not change the ALJ's RFC or may even change it in a way that is not beneficial to Plaintiff, I believe that such evidence is necessary in this case.

Plaintiff additionally asserts that remand is warranted because the ALJ relied on the state agency single decision maker's ("SDM") opinion in determining Plaintiff's RFC. (ECF No. 7, p. 3, n. 2). Here, in considering Plaintiff's physical RFC, the ALJ states that "the State Agency did not assess that the claimant had any severe physical impairment, and found he could perform the full range of exertional work (Exhibit 5A, pg. 10)." (ECF No. 4-2, p. 23). Several courts have concluded that the RFC assessment of an SDM is entitled to no evidentiary weight. *See Yorkus v. Astrue,* No. 10–2197, 2011 WL 7400189, at *4 (E.D.Pa. Feb.28, 2011) (compiling cases). Defendant argues that the ALJ did not place any weight on this opinion. (ECF No. 9, p. 16). I cannot tell from the opinion what, if any, weight the ALJ assigned to the SDM's opinion with regard to Plaintiff's physical impairments, since the ALJ assigned "great weight" to the SDM opinion regarding Plaintiff's mental impairments. (ECF No. 4-2, p. 22). Notwithstanding, I note that the ALJ's RFC was more restrictive than the opinion of the SDM. Thus, I find any reliance on the SDM opinion to be error but potentially harmless. Because I am remanding, however, I instruct the ALJ to reconsider the matter without considering the opinions of the SDM.

### C. Dr. Fox's Opinion

Plaintiff's last argument is that the ALJ erred in failing to consider the medical source statement by Dr. Paul Fox. (ECF No. 7, pp. 6-8 and No. 10, pp. 5-6). Dr. Fox's medical source statement is dated July 26, 2010. (ECF No. 4-9, pp. 21-27). Plaintiff filed a prior application for SSI which was denied on July 29, 2010, three days after Dr. Fox completed his statement. (ECF No. 4-2, p. 13). Plaintiff did not appeal that decision and, as such, it is a final decision not open for reconsideration. 20 C.F.R. §404.1405. Dr. Fox's opinion relates only to the time period within the prior application and not to the application at hand before the ALJ (beginning July 30, 2010). As a result, I do not find the ALJ erred in failing to consider said statement. Therefore, remand is not warranted on this basis.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MYRON BRUCE,  )
  )
      Plaintiff,  )
  )
  -vs-  )    Civil Action No.  14-157
  )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
      Defendant.  )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of January, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 5) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 8) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                              Donetta W. Ambrose
                              United States Senior District Judge